IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EUGENE CHUSID | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  06-858 |
| | : | |
| BRUCE CUTLER, ESQ. | : | |
| | : | |

**MEMORANDUM AND ORDER**

**Juan R. Sánchez, J.**                                                     May 10, 2007

       Defendant Bruce Cutler, Esq. asks me to dismiss this case for lack of personal jurisdiction, improper venue, and because the statute of limitations has expired.  Alternatively, Cutler asks me to  transfer this case to the Southern District of New York.  Plaintiff Eugene Chusid, Cutler's former client, argues personal jurisdiction, venue, and forum are all proper, and the statute of limitations has not expired.  I agree with Cutler to the extent that I lack personal jurisdiction over him and dismiss the case without prejudice.

**FACTS**[1]

       In February 2000, Eugene Chusid, then a New Jersey resident, discussed with Bruce Cutler his potential legal representation at Cutler's Manhattan office.  Chusid needed an attorney to defend him in his criminal case in New York.  Cutler informed Chusid he was a sole practitioner and would represent Chusid personally.  Based on this representation, Chusid hired Cutler and paid him an initial retainer of $50,000.

       Cutler unsatisfactorily represented Chusid for three years until February 20, 2003, the day

---

[1] I accept all allegations in, and reasonable inferences from, the Complaint as true and view them in the light most favorable to Cutler.  *Rocks v. City of Philadelphia,* 868 F.2d 644, 645 (3d Cir. 1989).

1

court-appointed counsel replaced Cutler. Chusid claims Cutler's lack of legal representation resulted in Chusid's incarceration for an additional 26 months for civil contempt on top of his 41-month criminal sentence. Chusid also complains Cutler charged excessive fees,[2] failed to appear at the criminal proceedings,[3] and did not personally represent him, as originally promised.[4] Although Cutler appeared at Chusid's sentencing on July 17, 2001, he was unprepared and failed to object to a sentence which exceeded both the Sentencing Guidelines and the plea agreement. Cutler also failed to respond to Cutler's 2002 and 2003 letters seeking advice and guidance in defending against the Government's pending civil contempt motion.

During this time, Cutler resided in New York while Chusid resided in New Jersey. Cutler practices law in New York, but only tried one unrelated criminal federal case in Pennsylvania from March 2001 to July 2001.[5] During these four months, Cutler spent time in Philadelphia, Pennsylvania, but did not communicate with nor give legal advice to Chusid. Chusid concedes after their initial meeting in February 2000, the next time he saw and communicated with Cutler was at his sentencing on July 17, 2001.

---

[2] Excessive payments included $10,000 toward a forensic accountant, $25,000 to cover the services of Maurice H. Sercarz, Esq., and $5,000 to retain Dr. Levin, to prepare a medical/psychiatric report on Chusid.

[3] Cutler failed to appear at: 1) Chusid's arraignment on March 23, 2000; 2) Chusid's five pre-trial conferences on April 27, 2000, June 5, 2000, October 11, 2000, October 13, 2000, and November 17, 2000; 3) Chusid's Arraignment and Plea on March 1, 2001; and 4) Chusid's Status Conference where he was denied his application to be released on June 28, 2001.

[4] Cutler's co-counsel Bettina Schein, Esq. and Maurice Sercarz, Esq. worked with Cutler on Chusid's case.

[5] Cutler was trying *United States v. Merlino, et al.*, 99-CR-363, before the Honorable Herbert J. Hutton.

Chusid currently resides in Pennsylvania and filed this lawsuit *pro se* and *in forma pauperis* on February 27, 2006. Chusid filed this lawsuit to recover $165,000, his attorney's fees, plus all lost wages and income from his civil contempt incarceration.

**DISCUSSION**

Cutler moves to dismiss for lack of personal jurisdiction arguing the 2001 federal criminal trial in Pennsylvania is not a sufficient minimum contact with Pennsylvania. Chusid argues Cutler maintained an office in Pennsylvania while he tried the unrelated criminal trial, proving Cutler had sufficient minimum contacts with Pennsylvania. I disagree with Chusid and must dismiss this case without prejudice for lack of personal jurisdiction.[6]

In proving personal jurisdiction, a plaintiff "need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004) (citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002)). Plaintiff must establish the defendant could "reasonably anticipate being haled into court. . ." based on his/her minimum contacts with the forum, and personal jurisdiction over the defendant must "comport with 'fair play and substantial justice.' " *Pennzoil Products Co. v. Colelli & Associates, Inc.,* 149 F.3d 197, 201 (3d Cir. 1998) (quoting *International Shoe Company v. Washington*, 326 U.S. 310, 320 (1945)). If the defendant objects, the plaintiff must prove personal jurisdiction exists with "sworn affidavits or other competent evidence," not just bare allegations or the complaint itself. *North Penn Gas Co. v. Corning Natural Gas Corp.,* 897 F.2d 687, 689 (3d Cir. 1990); *Dayhoff Inc. v. H.J. Heinz Co.*, 86

---

[6] Because I do not have personal jurisdiction, I will not address the arguments regarding venue, statute of limitations, nor *forum non conveniens*.

F.3d 1287, 1302 (3d Cir. 1996).

A federal court sitting in diversity must apply the law of the forum state to determine whether it has personal jurisdiction over a non-resident defendant. *Mellon Bank (East) PSFS, N.A. v. Farino*, 960 F.2d 1217, 1221 (3d Cir. 1990); *Simplicity, Inc. v. MTS Products, Inc.*, 2006 WL 924993, *1 (E.D. Pa. April 6, 2006). Pennsylvania's long-arm statute enacts both general and specific personal jurisdiction. 42 Pa. C.S. § 5301; 42 Pa. C.S. § 5322. General personal jurisdiction exists when an individual is present or domiciled in Pennsylvania when served, consents to personal jurisdiction, or carries on a "continuous and systematic part" of his/her business within Pennsylvania. 42 Pa. C.S. § 5301(a)(1) -(a) (3). Specific personal jurisdiction exists when the cause of action arises from a defendant's business transactions within the Commonwealth. 42 Pa. C.S. § 5322(a)(1). Here, taking all allegations and factual disputes in Chusid's favor, Cutler lacks sufficient minimum contacts to satisfy either general or specific personal jurisdiction.

Under general personal jurisdiction, Cutler was not served for this case in Pennsylvania, has never been domiciled in Pennsylvania, nor has he consented to its personal jurisdiction. I must determine whether Cutler carries on a "continuous and systematic part" of his legal practice within Pennsylvania. Cutler's only contact with Pennsylvania is a four-month federal criminal trial, unrelated to Chusid's case. Chusid contends Cutler maintained a legal office in Pennsylvania during that trial despite Cutler's assertion of having an office in New York, not in Pennsylvania. Chusid has not provided any evidence demonstrating Cutler maintained an office in Pennsylvania creating "continuing obligations" with Pennsylvania residents,"avail[ing him to] the privilege of conducting business," and benefitting from the protection of Pennsylvania laws. *Grand Ent. Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 482 (3d Cir. 1993). Chusid's only evidence is one page from his

sentencing transcript in which Cutler mentioned his four-month Pennsylvania trial, and Chusid's bald assertion Cutler maintained a Pennsylvania office. Without more, I cannot find general personal jurisdiction over Cutler.

As to specific personal jurisdiction, Cutler lacks sufficient minimum contacts because Chusid's cause of action did not arise from any interaction with Cutler in Pennsylvania. Chusid's cause action arises from Cutler's failure to appear at Chusid's New York criminal proceedings, Cutler's failure to respond to Chusid in New York and New Jersey, and Cutler's failure to personally represent him in New York.

Courts have found personal jurisdiction over licensed professionals with limited contacts to the forum state, but only where one of the tortious acts was committed in the forum state. In *Walsh v. Chez*, the Court exercised personal jurisdiction over the defendant, an Illinois doctor, who was only licensed and had only practiced in Illinois, because at "least one of the alleged tortious acts was committed in Pennsylvania." 418 F. Supp. 2d 781, 787 (W.D. Pa. 2006). The defendant agreed to continue treating plaintiffs' child upon return to their Pennsylvania home and changed the diagnosis over the phone while the plaintiffs were in Pennsylvania. *Id.* at 783-84. It was the agreement to continue treatment and the new diagnosis that ultimately led to the plaintiffs' cause of action. *Id.* at 786-87. Under these facts, the Court found personal jurisdiction over the Illinois doctor. *Id.* at 789.

Unlike the *Walsh* plaintiffs, Chusid does not present any evidence demonstrating Cutler's tortious acts or conduct originated in Pennsylvania. Chusid merely alleges Cutler prepared and directed Chusid's defense from Philadelphia, Pennsylvania during the four-month trial. Chusid, however, admitted he did not communicate or receive legal advice from Cutler prior to sentencing.

5

*Contra Walsh*, 418 F. Supp. 2d at 783-85. Unlike the *Walsh* plaintiffs who resided in Pennsylvania when the tortious act occurred, Chusid was a New Jersey resident throughout Cutler's representation. *See id.* (recognizing plaintiffs as Pennsylvania residents when doctor changed diagnosis); *cf. Keating v. Concept Tech.*, 2006 WL 3437539 * 3 (M.D. Pa. Nov. 29, 2006) (court dismissed for lack of personal jurisdiction against pro se plaintiff who did not reside in Pennsylvania during the alleged breach of contract).

Chusid argues this is a breach of contract, not a legal malpractice case. Even under a breach of contract analysis, Cutler lacks sufficient minimum contacts for personal jurisdiction. "A contract may provide a basis for the exercise of personal jurisdiction that meets due process standards, but a contract alone does not 'automatically establish sufficient minimum contacts in the other party's home forum . . . .'" *Star Media Sales, Inc.*, 988 F.2d at 481-82 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985)). Here, neither the creation nor breach of the contract between Cutler and Chusid occurred in Pennsylvania. The contract was created in Cutler's office in New York in February 2000. Pl.'s Compl. ¶ 1. All communication and negotiation between Chusid and Cutler about the contract took place in New York, not Pennsylvania. Chusid was a New Jersey resident when this contract was created. Moreover, Chusid understood the contract required Cutler to personally represent him at his criminal trial in New York. Cutler may have breached by failing to personally represent Chusid, rather than assigning co-counsel to handle Chusid's New York proceedings. *See Star Media Sales, Inc.*, 988 F.2d at 481-82 (discussing cases where courts found personal jurisdiction over non-forum resident because of communications and negotiations regarding contract with forum resident occurred within the forum). This breach, however, did not occur in Pennsylvania. None of these actions are sufficient to subject Cutler to personal jurisdiction.

For all of the previously mentioned reasons I lack personal jurisdiction and grant Defendant's Motion to Dismiss. An appropriate order follows.